IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE HILL, | )<br>) |
| Plaintiff | ) 1:24-CV-00066<br>) |
| vs. | ) District Judge Susan Paradise Baxter<br>) Magistrate Judge Maureen P. Kelly<br>) |
| WARDEN RANDY IRWIN, LIEUTENANT JOHN DOE, SERGEANT J.T. KRAFCZYNSKI, CORRECTION OFFICER J.P. SEIGWORTH, CORRECTION OFFICER ELLENBURG, S.L. CUSTOR, NURSE STRICK, NURSE SUMMERS, NURSE C. BEST, NURSE J. SMITH, PSYCHOLOGIST CONNER, | ) Re: ECF No. 10<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | )<br>) |

## REPORT AND RECOMMENDATION

I.  **RECOMMENDATION**

Pending before the Court is a motion for a temporary restraining order filed by Plaintiff Dwayne Hill ("Hill"). ECF No. 10. It is respectfully recommended that the motion be DENIED.

II. **REPORT**

  A.  **Factual and Procedural Background**

Hill, a pro se inmate, has field a complaint alleging violations of his First and Eighth Amendment rights. ECF No. 8. ¶ 53-65. At all times relevant to the allegations of his Complaint, Hill was incarcerated at the State Correctional Institution at Forest ("SCI-Forest"). Hill alleges that the Defendants, all of whom are identified as working at the SCI-Forest, were deliberately indifferent to his serious medical needs, used excessive force against him, retaliated against him,

and denied him access to the courts. Id., *generally*. The Defendants have moved to dismiss Plaintiff's Complaint. ECF No. 18.

Hill has also filed a motion for a temporary restraining order — the subject of this report. ECF No. 10. In his motion, he asks for an order prohibiting the Defendants from using "O.C." spray against or around him and an order directing that several of the Defendants be "restrained from being around Plaintiff or any other person that could be influence [*sic*] to commit harm or emotional distress." Id. at 1-2.

**B.     Discussion**

Hill's motion should be denied as moot. As noted on the docket, Hill's current address of record is the State Correctional Institution at Fayette. In cases "where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief." Fielder v. Fornelli, No. 09-881, 2010 WL 3191841, at *1 (W.D. Pa. June 30, 2010) (citations omitted), *report and recommendation adopted by* 2010 WL 3186636 (W.D. Pa. Aug. 11, 2010). See also Colón-Montañez v. Keller, 663 F. App'x 102, 104–05 (3d Cir. 2016) (citing Abdul–Akbar v. Watson, 4 F.3d 195, 206–07 (3d Cir. 1993)). Accordingly, because Hill is no longer incarcerated at SCI-Forest, and thus no longer subject to the control of those who he claims are violating his rights, the pending motion for injunctive relief should be denied as moot.

**III.    Notice Concerning Objections**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties may file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d

187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

Dated: October 25, 2024

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:   The Honorable Susan Paradise Baxter
      United States District Judge

      All counsel of record via CM/ECF

      Dwayne Hill
      LC2933
      SCI Fayette
      50 Overlook Drive
      LaBelle, PA 15450